UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JOHNSON,
   Petitioner,

                No. 5:06-cv-101

-v-

                HONORABLE PAUL L. MALONEY
                HONORABLE ELLEN S. CARMODY

WILLIE SMITH,
   Respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before the Court on a Report and Recommendation (Dkt. No. 33) issued by the Honorable Ellen S. Carmody, United States Magistrate Judge. Petitioner Johnson filed a petition for writ of habeas corpus. The matter was automatically referred to the Magistrate Judge. Magistrate Judge Carmody recommends denying the petition. Petitioner filed an objection. (Dkt. No. 37.)

After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to

file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

Petitioner Johnson raises three issues in his petition: (1) ineffective assistance of counsel for failing to exclude or challenge a witness' initial identification of him, (2) due process for failure to investigate, and (3) insufficiency of the evidence at trial. Magistrate Judge Carmody discussed each claim and concludes all three claims lack merit. Petitioner objects only to the recommendation regarding his first and third claim. This Court reviews the first and third claim *de novo*. Although unnecessary, the Court has reviewed Petitioner's second claim for due process and finds the Magistrate Judge's reasoning sound. Petitioner does not object to any of the factual findings in the Report and Recommendation. Neither does Petitioner object to any of the legal standards outlined in the Report and Recommendation. Petitioner's objection disputes the application of relevant facts to the legal standards.

Claim 1 - Ineffective Assistance of Counsel

Petitioner argues his trial counsel should have challenged the witness' identification of him by photograph. Distilled to its essence, Petitioner's argument is that the photographic lineup was unduly suggestive because the claimant was shown only 12 photos, rather than the entire book of photographs.

Petitioner's objection is OVERRULED. Petitioner has failed to establish his trial counsel was ineffective by failing to seek to exclude evidence of a witness' initial identification of him. None of the reasons provided by Petitioner in his objection undermine the Magistrate Judge's

recommendation.  First, Petitioner argues a corporeal lineup should have been used instead of a photographic lineup, citing *People v. Anderson*, 216 N.W.2d 780, 781 (Mich. 1974) ("there should be no photo showing if a corporeal lineup could be held" (citing *People v Franklin Anderson*, 205 N.W.2d 461 (Mich. 1973)).  Petitioner's position is an incomplete statement of the law.  Petitioner has not alleged or established facts necessary to undermine the sufficiency of the photographic lineup.  When a suspect is in custody, a photographic lineup is improper.[1]  *People v. Kurylczyk*, 505 N.W.2d 528, 532 (Mich. 1993).  The defendant in *Kurylczyk*, who was the primary suspect of an investigation but was not in custody when the photographic lineup was given, argued he should have been represented by counsel at the photographic lineup.  *Id.* at 532-533.  The Court rejected the defendant's argument, concluding the right to counsel attaches with custody.  *Id.* at 534.  By implication, the Court found no problem with the use of a photographic lineup.

Second, Petitioner argues the photographic lineup was unduly suggestive.  Petitioner asserts, rather than giving the witness the entire book of mug shots, two sheets with six pictures on each sheet were removed from the book and given to the witness.  Petitioner's argument lacks merit.  As explained in the Report and Recommendation, nothing in the record reveals this process was in any way suggestive.  *See Kurylczyk*, 505 N.W.2d at 534-535 (rejecting the defendant's claim the photographic lineup was impermissibly suggestive and collecting cases).  Furthermore, under the totality of the circumstances test, Petitioner has not established a "substantial likelihood of misidentification."  *Id.* at 535 (citing *People v. Lee*, 218 N.W.2d 655,

---

[1]From the record before this Court, it is unclear whether Petitioner Johnson was in custody when the photographic lineup was shown to the witness.  Petitioner asserts the witness was in custody when she was shown the pictures.  The case cited by Petitioner does not stand for the proposition that when a *witness* is in custody, the *accused* must be brought in for a corporeal lineup.

659 (Mich. 1974)).  Petitioner's picture was one of twelve pictures shown to the witness. Petitioner has not alleged or established his picture was in any way different than the other eleven pictures.

Claim 3 - Insufficient Evidence

Petitioner Johnson argues there was insufficient evidence presented at trial to convict him.  Petitioner asserts the only evidence against him was provided by an unreliable witness and further asserts he provided evidence establishing an alibi.  Petitioner does not allege the witness' testimony was insufficient to establish the elements of the crimes for which he was convicted.

Petitioner's objection is OVERRULED.  The proper standards for reviewing a sufficiency of the evidence challenge are outlined in the Report and Recommendation and are not challenged in the objection.  In this case, the trial judge had to make a credibility determination of the individual who allegedly witnessed the crime and placed Petitioner at the scene and a credibility determination of Petitioner's mother who claimed Petitioner was home the evening of the crime.  The trial judge made those credibility determinations after Petitioner's counsel had the opportunity to cross examine the witness.  The trial judge found the witness more credible than Petitioner's mother.  This Court may not weigh the evidence or assess the credibility of the witnesses.  *See United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2008). Accordingly, Petitioner's argument lacks merit.

For the reasons outlined above, **IT IS HEREBY ORDERED:**

1. The Report and Recommendation (Dkt. No. 33) is **ADOPTED** over objections.

2. The petition for writ of habeas corpus is **DENIED.**


Date: May 11, 2009    /s/ Paul L. Maloney
                      Paul L. Maloney
                      Chief United States District Judge